## Jankowsky's Estate.

*Practice, O. C.—Decedents' estates—Executors—Accounts—Confirmation—Petition for review and rehearing.*

1. After an executor's account has been confirmed, questions as to whether rents collected by the executor were a part of the decedent's estate, and whether such rents may be applied to payment of a balance due upon a mortgage given by decedent, cannot be determined upon a petition for a review and rehearing of the account and of the audit and adjudication upon the same.

2. It is against the policy of the law that final decrees should be lightly disturbed.

Petition for review of account, audit and adjudication. O. C. Lackawanna Co., Year 1918, No. 942.

*Frank M. Walsh,* for accountant; *W. S. Diehl,* for petitioner.

*Knapp, O'Malley, Hill & Harris,* for executor, respondent.

*John Dano,* for Jozefa Pettiewich, a legatee.

3 D. & C.

### Jankowsky's Estate.

SANDO, P. J., March 10, 1923.—The decedent, William Jankowsky, died on Nov. 3, 1918, testate, survived by neither spouse nor lineal heirs. The last will and testament of the decedent, bearing date Oct. 22, 1918, was duly admitted to probate on Nov. 8, 1918, and letters testamentary were granted on the same day to The Scranton Trust Company, the executor named in the will.

The personal estate of the decedent was insufficient for the payment of debts. The decedent was the owner of certain real estate improved with a building thereon, known and designated as Nos. 1443-1445 Amherst Street, in the City of Scranton, encumbered at the time of his death by two mortgages:

*(a)* To the New Citizens Building and Loan Association.

At the subsequent sheriff's sale of the property the amount due was $1906.98.

*(b)* To the petitioner E. C. Barnes.

At the subsequent sale of the property the amount due was $757.11.

The first and final account of the executor was filed in the Orphans' Court on March 15, 1920, and on the same day was confirmed *nisi.*

The account shows that rents received from the real estate amounted to $223.74; no balance for distribution and an apparent balance due the accountant of $7.90.

Exceptions to the account were filed on March 25, 1920. Subsequently there was endorsed on the account the following, viz.:

"Now, May 14, 1920, by agreement of counsel, exceptions may be withdrawn and account confirmed finally.                    By the Court."

The account, after due publication in accordance with law and the rules of court, was called for audit on Sept. 20, 1920. The adjudication filed Sept. 21, 1920, was confirmed *nisi,* and no exceptions having been filed thereto, confirmed finally Oct. 4, 1920.

On June 10, 1922, a petition was presented to this court by E. O. Barnes, praying that a review and rehearing of so much of the account alleged to be in error should be had; a review and rehearing of the final decree confirming the same, and a review and rehearing of the audit, the adjudication thereof and the final decree confirming said audit and adjudication.

The petition for a review avers, *inter alia:*

*(a)* That the rents actually received by the executor from the decedent's property up to time of stating the account, to wit, Jan. 12, 1920, amounted to $232.75, an error in said account of $9.

*(b)* That because of the failure to exhibit to the auditing judge a statement of the additional debits and credits, an error was made in the adjudication and the decree finally confirming the same.

The answer filed by the respondent admits the truth of the statement of facts as set forth in the petition.

The answer of Jozefa Pettiewich, a legatee, admits the truth of the statement of facts set forth in the petition, but denies that the rents collected by the respondent were a part of the estate of the decedent.

The main question at issue is whether the petitioner, who was the owner of a second mortgage on the real estate of the decedent, is entitled to a review of the account of the executor and of a final decree confirming the same, and a review and rehearing of the audit of the decedent's estate, the adjudication thereof and decree of final confirmation of the same, so that rents collected by the executor may be applied to payment of the balance due on account of his mortgage.

## Jankowsky's Estate.

It is nowhere contended by the petitioner that he gave written notice of his claim to the executor, or that he presented his claim to the executor, as required by the Fiduciaries Act of June 7, 1917, P. L. 447, even though the account filed and audited showed a balance due the accountant.

It is against the policy of the law that final decrees should be lightly disturbed. By granting a rehearing we do not open the decree, but simply recognize the petitioner as having a proper standing under the act of assembly: Kuhns's Appeal, 87 Pa. 100; Jones's Appeals, 99 Pa. 142. The next step is for the court to "give such relief as equity and justice may require." This vests a discretion in the court that is ample for all purposes, whether for the protection of decrees or the correction of errors.

While the answer of the respondent admits that rents have been collected from the real estate of the decedent and not included in its account, yet the questions whether the rents so collected were a part of the decedent's estate and whether the rents collected by the executor may be applied to payment of the balance due on account of the petitioner's mortgage are such as require their determination in a proceeding independent of this for a review and rehearing of the account filed by the executor and the audit and adjudication of the same.

And now, March 10, 1923, the petition for review and rehearing is dismissed.                                    From William A. Wilcox, Scranton, Pa.